UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER COATS,<br><br>            Plaintiff,<br><br>     v.<br><br>JOHN SALYER *et al.*,<br><br>            Defendants. | CAUSE NO.: 3:19-CV-683-DRL-MGG |

OPINION AND ORDER

Christopher Coats, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Mr. Coats alleges that, on May 24, 2019, he was moved to a cell in the Westville Control Unit with a faucet that produced only hot, brown water. He told Captain Smiley and Unit Team Manager Salyer about the malfunctioning faucet and asked to be moved to another cellhouse. They never responded, but the faucet was fixed on June 26, 2019. Because he drank the water from the faucet, Mr. Coats developed a tooth abscess and pain in his throat as he swallowed food. He submitted medical requests for these issues, but Dr. Pearcy refused to see him. For his claims, Mr. Coats seeks money damages.

Mr. Coats asserts that Captain Smiley and Unit Team Manager Salyer subjected him to unconstitutional conditions of confinement by allowing him to remain in a cell with a malfunctioning faucet from May 24, 2019 to June 25, 2019. In evaluating an Eighth Amendment conditions of

confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment."). That said, Mr. Coats states a plausible Eighth Amendment conditions of confinement claim against Captain Smiley and Unit Team Manager Salyer.

Mr. Coats also asserts a claim against Dr. Pearcy for acting with deliberate indifference by refusing to treat his tooth abscess and throat pain. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Mr. Coats states a plausible Eighth Amendment claim of deliberate indifference to serious medical needs against Dr. Pearcy.

As a final matter, Mr. Coats does not proceed *in forma pauperis* in this case, which means that the court will not serve any defendants for free pursuant to 28 U.S.C. § 1915(d). Rather, he is responsible for serving the defendants with the complaint as required by Federal Rule of Civil Procedure 4. If he would like to have the United States Marshals Service serve the defendants by certified mail, he must send the summons with sufficient copies of the complaint, properly completed USM-285 forms, and a check for the appropriate amount ($24.00 for each unserved defendant) to: United States Marshals Service, Room 233, 204 South Main Street, South Bend, IN 46601.

For these reasons, the court:

(1) GRANTS Christopher Coats leave to proceed on an Eighth Amendment claim for money damages against Unit Team Manager Salyer and Captain Smiley for allegedly subjecting him to unconstitutional conditions of confinement by allowing him to remain in a cell with a malfunctioning faucet from May 24, 2019 to July 25, 2019;

(2) GRANTS Christopher Coats leave to proceed on an Eighth Amendment claim for money damages against Dr. Pearcy for allegedly acting with deliberate indifference to serious medical needs by refusing provide medical treatment for a tooth abscess and throat pain;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to sign and seal the summons and send them to Christopher Coats with three blank USM-285 forms and a copy of the amended complaint (ECF 3); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the defendants respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Christopher Coats has been granted leave to proceed in this screening order.

SO ORDERED.

October 9, 2019                               *s/ Damon R. Leichty*
                                              Judge, United States District Court