UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER COATS,<br><br>                Plaintiff,<br><br>    v.<br><br>JOHN SALYER *et al.*,<br><br>                Defendants. | CAUSE NO. 3:19-CV-683-DRL-MGG |

OPINION & ORDER

Christopher Coats, a prisoner without a lawyer, proceeds on an Eighth Amendment claim against Dr. Pearcy for acting with deliberate indifference to serious medical needs by refusing to provide medical treatment for a tooth abscess and throat pain and on an Eighth Amendment claim against Unit Team Manager Salyer and Captain Smiley for subjecting him to unconstitutional conditions of confinement by allowing him to remain in a cell with a malfunctioning faucet from May 24, 2019 to July 25, 2019. ECF 5. Dr. Pearcy filed a motion for summary judgment, arguing that Mr. Coats did not exhaust his administrative remedies with respect to the claim against him. ECF 19.

In a declaration, John Harvil, grievance specialist at the Indiana State Prison, attested that a grievance process is available to inmates and is explained to them at orientation. ECF 21-1 at 1-2. The grievance policy is also available to inmates at the law library. *Id.* This policy sets forth a four-step grievance process. *Id.* at 16-21. First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated with the complaint. *Id.* If the inmate is unable to resolve the

complaint informally, he may file a formal grievance with the grievance specialist. *Id.* If an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.*

According to the grievance records, Mr. Coats submitted two grievances related to dental care, and the grievance office received them on July 16, 2019. *Id.* at 25-30. Grievance Specialist Harvil returned the grievances with an explanation that a scheduled dental extraction had been postponed at Mr. Coats' request and that Mr. Coats would be scheduled for another dental appointment within two weeks. *Id.* In response, Mr. Coats represents that he had no access to grievance forms due to his placement in restrictive housing. ECF 28 at 7-8. In reply, Grievance Specialist Harvil attests that inmates in the restrictive housing unit obtain grievance forms from correctional staff during daily rounds. ECF 33. In an affidavit, Mr. Coats attests as follows:

> The Plaintiff would concur that the statement made by John Harvil would be accurate, if this process would actually be honored. Where emotional passive-aggressive tactics could be utilized against prisoners due to behaviorial [sic] as well as vindictive retaliation by the staff to withhold these documents if the mood hit them.

ECF 35 at 4.[1]

---

[1] Dr. Pearcy filed a motion to strike this affidavit because it is an unauthorized surreply. *See Savage v. Finney*, 2011 WL 3880429, 1 (N.D. Ind. 2011) ("The court generally does not permit litigants to file a sur-reply brief."). Though Mr. Coats should not file surreplies without leave to do so, the court declines to strike it from the electronic docket because it does not prejudice Dr. Pearcy. *See Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992) ("Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial.").

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Under 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies before filing lawsuits in federal court. This circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The parties don't dispute that Mr. Coats didn't appeal his formal grievances or otherwise follow up on them with the grievance office. The affidavit of Grievance

3

Specialist John Harvil demonstrates that the grievance process remained available to Mr. Coats during his time in restrictive housing. Similarly, the medical requests and grievance records attached to the amended complaint demonstrate Mr. Coats' ability to obtain and submit forms in restrictive housing. ECF 3-1. Mr. Coats attempts to dispute this evidence by representing that he didn't have access to grievance forms due to unspecified passive-aggressive tactics and the risk that correctional staff would deny his request, but these representations fall short of creating a genuine dispute of material fact regarding the availability of the grievance process.[2] For a genuine dispute, Mr. Coats would have had to show that he had made some attempt at completing the grievance process after receiving the returned grievances or that he had ample reason for not doing so. His vague allusions to the possible use of passive-aggressive tactics or the potential denial of his requests for forms do not suffice. The motion for summary judgment is granted with respect to the claim against Dr. Pearcy, but Mr. Coats may proceed on his Eighth Amendment claim against Unit Team Manager Salyer and Captain Smiley.

As a final matter, Mr. Coats filed a motion to extend the response deadline set for June 30, 2020. There was no such deadline for this case. Therefore, the motion to extend is denied as unnecessary.

For these reasons, the court:

(1) DENIES the motion to strike (ECF 38);

---

[2] Mr. Coats suggests that the defendants bear the burden of disproving his allegations of obstructed grievance process. Though Dr. Pearcy bears the burden of proving that a grievance process was available and that Mr. Coats did not use it, he has submitted evidence to that effect, and the burden thus rests with Mr. Coats to produce conflicting evidence. *See Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019).

(2) DENIES as UNNECESSARY the motion to extend (ECF 39);

(3) GRANTS the motion for summary judgment (ECF 19); and

(4) DISMISSES Dr. Pearcy.

SO ORDERED.

September 28, 2020                                          *s/ Damon R. Leichty*
                                                            Judge, United States District Court